MEMORANDUM **
Henry Wongkar, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals’ (“BIA”) decision dismissing his appeal from an immigration judge’s denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence and will uphold the agency’s decision unless the evidence compels a contrary conclusion. Kataña v. INS, 232 F.3d 1107, 1115 (9th Cir.2000). We deny in part and grant in part the petition for review.
The agency denied Wongkar’s asylum application claim as time barred. Wong-kar does not challenge this finding in his opening brief.
We grant the petition with respect to Wongkar’s withholding of removal claim because substantial evidence does not support the agency’s determination that Wongkar failed to establish he suffered past persecution. See Mashiri v. Ashcroft, 383 F.3d 1112, 1119-21 (9th Cir.2004). A group of Muslims repeatedly targeted Wongkar on account of his Christian religion — they threatened Wongkar with death and chased him, set his car on fire, and vandalized and stole his property on several occasions — cumulatively, these events rise to the level of persecution. See id. Additionally, Wongkar’s children were assaulted four times because they were Christian, and in one instance his son suffered a head injury. See id. at 1120 (violence against applicant’s children considered as a factor in favor of finding events cumulatively rise to the level of persecu *761 tion). Wongkar is therefore entitled to a presumption of eligibility for withholding of removal that the government may rebut by demonstrating by a preponderance of the evidence that country conditions have changed to the extent that the presumption is unwarranted. See Kataria, 232 F.3d at 1115.
Wongkar’s CAT claim fails because he did not establish that it is more likely than not he will be tortured if he returns to Indonesia. See Singh v. Ashcroft, 351 F.3d 435, 443 (9th Cir.2003).
Accordingly, we grant the petition with respect to the withholding of removal claim and remand to the BIA for further proceedings consistent with this disposition. See INS v. Ventura, 537 U.S. 12, 16-18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).
PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.